UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUNTER TEREZA, individually and on behalf of R.E.T., a minor child, and MALLORY TEREZA, individually and on behalf of Hunter Tereza and R.E.T., a minor child, <br><br> Plaintiffs, <br><br> v. <br><br> LYNDA GARLAND, individually, and ANGELA RUFFIN, individually, <br><br> Defendants. | Case No. 21-CV-0438-CVE-SH |

**OPINION AND ORDER**

On August 4, 2021 plaintiffs filed the petition in the instant case in Rogers County, Oklahoma state court. Dkt. # 2-2. Plaintiffs allege seven claims for relief: interference with child custody order (count one); abuse of process (count two); intentional infliction of emotional distress (count three); civil conspiracy (count four); 42 U.S.C. § 1983 claim for violation of Fourth Amendment rights (count five); § 1983 claim for violation of substantive due process (count six); and § 1983 retaliation claim (count seven). Dkt. # 2-2. On October 12, 2021, defendants removed the case to federal court. Dkt. # 2. Because of the child custody and other family law issues implicated in this case, the Court finds that sua sponte consideration of Younger abstention is required.

I.

On August 7, 2019, plaintiff Hunter Tereza filed for an "Emergency Temporary Guardianship proceeding in Rogers County . . . [and the state court] awarded emergency custody of a minor child, R.E.T., to Hunter [Tereza]." Dkt. # 2-2, at 2. Plaintiffs allege that "based on false information secretly provided by defendants to" the Rogers County court, the court "rescinded the August 7, [2019] order, awarding custody from Hunter to the [biological] mother[.]" Id. On September 3, 2019, the Rogers County court dismissed the case,[1] which plaintiffs allege was "presumably because rather than a guardianship proceeding a paternity action was the proper vehicle for a custody case between two unmarried parents of a child." Id. Thus, on June 18, 2020, plaintiff Hunter Tereza filed a petition for custody in Tulsa County state court, case number FP-2020-176. Id. at 3. This Court has reviewed the pending state court proceedings on the Oklahoma State Courts Network (OSCN) involving plaintiff Hunter Tereza, and finds that Hunter Tereza has two pending state court proceedings as to the child custody dispute in Rogers and Tulsa counties, respectively.

II.

Under the Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 91 (1971), and its progeny, a "federal district court must abstain from exercising jurisdiction when three conditions are satisfied: (1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests." Morkel v. Davis, 513 Fed. App'x 724, 727 (10th Cir. 2013) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The Tenth Circuit has held that

---

[1] According to Oklahoma State Courts Network (OSCN), there is still a pending Rogers County state court proceeding, case number WH-2019-5, between Hunter Tereza and the biological mother of R.E.T. as to the child custody dispute.

"when these conditions are met, the application of *Younger* is mandatory." Id. (citing Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce, 240 F.3d 871, 875 (10th Cir. 2001)). Moreover, the Tenth Circuit has "consistently applied *Younger* to child custody cases." Id. at 728. And, courts may address Younger abstention sua sponte. Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976) ("abstention may be raised by the court Sua Sponte.").

The first factor, whether there are ongoing state proceedings, is clearly present here. Plaintiffs' petition references ongoing state proceedings, and the Court's review of OSCN confirmed that there are at least two ongoing state proceedings regarding the child custody dispute between Hunter Tereza and R.E.T.'s biological mother. See Dkt. # 2-2, at 3. Further, the ongoing state proceedings are child custody cases, which the Tenth Circuit has held are the type of cases that implicate Younger. See Morkel, 513 Fed. App'x at 728. Thus, the Court finds that the first Younger factor is satisfied.

The second factor, whether the state offers an adequate forum to hear plaintiff's federal claims, is also satisfied here. The Tenth Circuit has held that "[s]tate courts are generally equally capable of enforcing federal constitutional rights as federal courts. And when constitutional challenges impact state proceedings, as they do here, 'proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.'" Id. at 728 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)) (internal citations omitted). Here, the claims for relief sought in the petition demonstrate that the federal questions are intertwined with state interests; specifically, the plaintiffs' alleged constitutional violations revolve around the defendants, who are state agency employees, and, more broadly, the power of the Department of Human Services (DHS) to intervene in familial relations. See Dkt. # 2-2, at 6-8.

3

Given these circumstances, Supreme Court and Tenth Circuit precedent clearly establish that a federal court should "stay its hand." Pennzoil Co., 481 U.S. at 14; Morkel, 513 Fed. App'x at 728. Therefore, the Court finds that the second factor weighs in favor of abstention.

Finally, the third factor, whether the state proceeding involves important state interests, is also met here. "The whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt v. Richards, 504 U.S. 689, 692 (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). In other words, "the resolution of child custody matters has been acknowledged as an important state interest." Morkel, 513 Fed. App'x at 729. The Tenth Circuit has also held that "comity considerations of the *Younger* doctrine are particularly vital in child custody proceedings, which are 'an especially delicate subject of state policy.'" Id. (quoting Morrow v. Winslow, 94 F.3d at 1386, 1393 (10th Cir. 1993)). Here, plaintiffs allege that their child custody proceedings in state court are being improperly influenced by DHS employees; thus, plaintiffs are both "implicitly and explicitly ask[ing] the district court to intervene in state custody proceedings, which *Younger* expressly prescribes." Id. "The reasons for abstention are only strengthened when we consider that [the state court] has continuing power to modify [plaintiffs'] child custody arrangements[.]" Id. Therefore, the Court finds that the third factor weighs strongly in favor of abstention.

In sum, the three Younger factors are met in this case; thus, the Court finds that this case should be dismissed without prejudice. See Chapman v. Oklahoma, 472 F.3d 747, 748 (10th Cir. 2006) (finding that dismissal without prejudice is the proper remedy when the three Younger conditions are met).

**IT IS THEREFORE ORDERED** that plaintiffs' petition (Dkt. # 2-2) is **dismissed without prejudice**.

**DATED** this 24th day of November, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE